PER CURIAM.
In its amended final order, the Agency for Persons with Disabilities modified its previous final order in a manner that diluted some of the clear findings and conclusions of the recommended order, without providing any justification for doing so, as required by section 120.57(1)(Z), Florida Statutes. Accordingly, we reverse and remand for reinstatement of the final order.
A.G.Q. is a child with severe developmental disabilities who is on the waiting list for the Medicaid waiver program, which allows waivers from compliance with certain statutes and regulations for persons with developmental disabilities who are provided services in the home. See Russell v. Agency for Persons With Disabilities, 929 So.2d 601 (Fla. 1st DCA 2006). The agency denied his application to be considered a danger to himself and others, which would qualify him to be placed at the top of the waiting list pursuant to section 393.065(5), Florida Statutes, and Florida Administrative Code Rule 65G-1.047. After an evidentiary hearing, the hearing officer found that the behavioral services being provided to the child are insufficient and that he proved he is a danger to himself and others, which qualifies him for the first category on the crisis waiting list. The agency affirmed, but then issued an Amended Final Order to correct what it now refers to as an “inadvertent omission.”
In the first order, the agency concluded:
Since the Agency had not previously determined Petitioner to meet the crisis *1290 criteria, it is necessary to remand this case for the purpose of determining whether sufficient funds currently exist to enroll Petitioner on the Developmental Disabilities Home and Community-Based Medicaid Waiver. If the Agency determines that immediate enrollment is not possible, it shall coordinate a review of Petitioner’s existing needs and services with both the Department of Children and Family Services and Petitioner in an effort to identify funding sources, including APD General Revenue funds, which may be used to provide critical services.
Based on the foregoing and being otherwise fully advised in the premises, it is hereby ORDERED that Petitioner’s application to be added to the crisis wait-list is hereby GRANTED under crisis category two. This matter is REMANDED to the Agency for further review in accordance with the above Order.
In the amended order, the agency replaced the paragraph quoted above with:
Since the Agency had not previously determined Petitioner to meet the crisis criteria and because this petitioner is unique in that some of his needs are currently being met by DCF services, it is necessary to remand this case for the purpose of immediately determining which of Petitioner’s needs are currently being met by DCF and which of his critical needs are not; and to provide for those critical needs that are not being met. The Agency shall coordinate a review of Petitioner’s existing needs and services with both DCF and Petitioner in an effort to identify funding sources, including APD Individual and Family Supports or Waiver funds, which may be used to provide critical services.
Based on the foregoing and being otherwise fully advised in the premises, this matter is REMANDED to the Agency for further review in accordance with the above Order.
Rule 65G-1.046(4)(a) provides that a client will be provided services under the waiver “[i]f funding is available and the applicant is approved for crisis enrollment.” It is undisputed that A.G.Q. shall be placed in the top-priority category of the waiver waiting list because he is qualified for crisis enrollment. The hearing officer stated that A.G.Q. qualified for crisis enrollment but that “the undersigned makes no determination that any Agency funds are available to place this specific petitioner on an immediate waiver.”
Because A.G.Q.’s participation in the waiver program depends upon the availability of funding, the agency stated in the initial final order that on remand it would “determine whether sufficient funds exist to enroll Petitioner on the Developmental Disabilities Home and Community-Based Medicaid Waiver.” (Final Order, at 6) If funding were not available, the agency stated that it would “coordinate a review of Petitioner’s existing needs and services with both the Department of Children and Family Services and Petitioner in an effort to identify funding sources, including APD General Revenue funds, which may be used to provide critical services.” (Final Order, at 6)
In the amended final order, however, the need to determine whether there are available funds to pay for waiver services was replaced by the need for a study or evaluation to determine what the child’s service needs are. Yet the conclusions of law in paragraphs 87 through 98 of the recommended order, particularly 91, 95, 96, and 97, show that the hearing officer found that A.G.Q. qualifies for crisis enrollment because he is at a high risk of injuring himself and others, and the behavioral services being provided by the Department of Children and Families are not improving his dire condition. Accordingly, *1291 the hearing officer has determined that A.G.Q.’s most critical need — for behavioral services — is not being met. Accordingly, the agency should not revisit that finding on remand.
Moreover, the agency said in the amended final order that on remand, it would “coordinate a review of Petitioner’s existing needs and services with both DCF and Petitioner in an effort to identify funding sources, including APD Individual and Family Supports or Waiver funds, which may be used to provide critical services.” This modified the hearing officer’s determination that A.G.Q. must receive waiver services if there is funding available. Only if funding is not available should the agency consider these alternative sources.
In conclusion, the agency in the initial final order approved and adopted the recommended order; thus it accepted that A.G.Q.’s current behavioral services are not helping him, and that waiver funding must be provided, if available, for more useful or effective behavioral services. The amended final order, however, appears to presume continuing viability of the behavioral services provided by the Department of Children and Families that the hearing officer had discredited, and requires A.G.Q. to look for alternative funding in addition to waiver funding. This was error, because the agency did not comply with section 120.57(1)(£) when it rejected or ignored the findings of fact regarding behavioral services, and did not state with particularity its reasons for rejecting or modifying the conclusions of law.
REVERSED and REMANDED for reinstatement of the final order.
PADOVANO, ROWE, and RAY, JJ„ Concur.